IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MICHAEL RINALDI,** | : | |
| | : | |
| Petitioner | : | CIVIL NO. 1:CV-08-0679 |
| | : | |
| v. | : | (Judge Rambo) |
| | : | |
| **Warden T. SNIEZEK,** | : | |
| | : | |
| Respondent | : | |

# **M E M O R A N D U M**

Petitioner, Michael Rinaldi, an inmate confined at the Schuylkill Federal Correctional Institution ("FCI-Schuylkill") in Minersville, Pennsylvania, commenced this action by filing a petition for writ of habeas corpus (Doc. 1) pursuant to the provisions of 28 U.S.C. § 2241. The petition currently is before the court for screening. For the reasons set forth below, the petition will be summarily dismissed without requiring a response from Respondent.

## I. **Background**

Rinaldi was convicted of conspiracy to distribute narcotics, possession of a firearm, and use of a firearm in relation to drug trafficking. (Doc. 1 at 2, 11.) On November 4, 1999, he was sentenced to a term of incarceration of 248 months by the Honorable Edwin M. Kosik in the United States District Court for the Middle District

of Pennsylvania. (*Id.* at 2.) Rinaldi's conviction was upheld by the Third Circuit Court of Appeals. (*Id.*)

Rinaldi subsequently filed a motion to vacate, set aside or correct his sentence under 28 U.S.C. § 2255. (*Id.* at 3.) In his petition, Rinaldi raised grounds of insufficient evidence and ineffective assistance of counsel. (*Id.*) His petition was denied. (*Id.*)

Rinaldi previously filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 that was denied by this court without prejudice to any right Petitioner may have had to move the appropriate court of appeals for an order authorizing the district court to consider a successive § 2255 motion pursuant to 28 U.S.C. § 2244(b)(3)(A). *See Rinaldi v. Nash*, Civil No. 1:CV-04-1287 (M.D. Pa. January 13, 2005). In that petition, Rinaldi asserted challenges to the sufficiency of evidence at trial, the jury instructions, and his sentencing. (*See id.*)

In the instant petition, Rinaldi's sole claim is that he is "actually innocent" of the charge of conspiracy to distribute narcotics upon which he was convicted. (*See* Doc. 1 at 6, 11.) He requests that the court grant him an evidentiary hearing at which he would call witnesses to testify as to his actual innocence of the conspiracy charge. (*Id.* at 11.) Rinaldi does not provide any explanation for his failure to raise this claim in his previous § 2255 petition.

2

**II.     Discussion**

Habeas corpus petitions brought under § 2241 are subject to summary dismissal pursuant to Rule 4 ("Preliminary Consideration by the Judge") of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 (1977) (applicable to § 2241 petitions under Rule 1(b)).  *See, e.g.*, *Patton v. Fenton*, 491 F. Supp. 156, 158-59 (M.D. Pa. 1979).  Rule 4 provides, in pertinent part: "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."  For the reasons that follow, the instant Petition will be dismissed pursuant to Rule 4 for lack of jurisdiction because § 2255 is not inadequate or ineffective to test the validity of Petitioner's conviction and sentence.

A federal criminal defendant claiming that his conviction and/or sentence was imposed in violation of the Constitution or laws of the United States may move the court which imposed his sentence to vacate, set aside, or correct the sentence pursuant to 28 U.S.C. § 2255.  *Okereke v. United States*, 307 F.3d 117, 120 (3d Cir. 2002); *In re Dorsainvil*, 119 F.3d 245, 251 (3d Cir. 1997).  A defendant can challenge a conviction or sentence under § 2241 only if a § 2255 motion is "inadequate or ineffective to test the legality of his detention."  *See* 28 U.S.C. § 2255(e); *see also*

3

*Okereke*, 307 F.3d at 120; *In re Dorsainvil*, 119 F.3d at 251.  Habeas corpus under § 2241 is "reserved for rare cases," and therefore, this "safety-valve" provision of § 2255 must be strictly construed.  *In re Dorsainvil*, 119 F.3d at 250, 251.

A § 2255 motion is inadequate or ineffective only where the petitioner shows that some limitation of scope or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication of his wrongful detention claim.  *Cradle v. United States*, 290 F.3d 536, 538 (3d Cir. 2002).  "Section 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255." *Id.* at 539 (citations omitted).  "It is the inefficacy of the remedy, not the personal inability to use it, that is determinative." *Id.* at 538.

Petitioner already has challenged the trial court's jurisdiction and his conviction in a prior motion under § 2255.  (Doc. 1 at 3.)  It does not matter whether Petitioner has sought permission to file a further § 2255 motion, and was denied, or he is simply assuming his inability to file a successive § 2255 motion from the specific language of the Code.  In either event, § 2255 is not inadequate or ineffective merely because Petitioner is unable to meet the gatekeeping requirements of the section.  *In re Dorsainvil*, 119 F.3d at 251.  If he has sought such permission, and

4

been denied, then the Court must dismiss the present petition under 28 U.S.C. § 2244(a).[1]  If permission has not been sought, he would be required to do so under § 2244(b)(3)(A).[2]

At best, Petitioner only has demonstrated a personal inability to utilize the § 2255 remedy a second time because of the gatekeeping provisions in that section.[3] Nothing in the instant petition alters the court's conclusion that he has failed to establish the inadequacy or ineffectiveness of the remedy.  Because section 2255 is not inadequate or ineffective to test the legality of Petitioner's detention or sentence, the Court will dismiss this § 2241 petition under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

---

[1]28 U.S.C. § 2244(a) states:
"No circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus, except as provided in section 2255."

[2]28 U.S.C. § 2244(b)(3)(A) states:
"Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."

[3]28 U.S.C. § 2255(h) states:
"A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain —
   (1)  newly discovered evidence . . . or
   (2)  a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court . . . ."

An appropriate Order follows.

                                           s/Sylvia H. Rambo
                                           SYLVIA H. RAMBO
                                           United States District Judge

Dated: May 12, 2008.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MICHAEL RINALDI,** | : | |
| | : | |
| Petitioner | : | CIVIL NO. 1:CV-08-0679 |
| | : | |
| v. | : | (Judge Rambo) |
| | : | |
| **Warden T. SNIEZEK,** | : | |
| | : | |
| Respondent | : | |

# O R D E R

In accordance with the foregoing Memorandum, **IT IS HEREBY ORDERED AS FOLLOWS:**

1. The Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (Doc. 1) is **DISMISSED** without prejudice to any right Petitioner may have to move the appropriate court of appeals for an order authorizing the district court to consider a successive § 2255 motion pursuant to 28 U.S.C. § 2244(b)(3)(A).

2. The Clerk of Court is directed to **CLOSE** this case.

3. There is no basis for the issuance of a certificate of appealability

                                                     s/Sylvia H. Rambo
                                                     SYLVIA H. RAMBO
                                                     United States District Judge

Dated: May 12, 2008.