IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MICHAEL RINALDI,** | : | |
| | : | |
| **Petitioner** | : | **CIVIL NO. 1:CV-08-0679** |
| | : | |
| v. | : | **(Judge Rambo)** |
| | : | |
| **WARDEN T. SNIEZEK,** | : | |
| | : | |
| **Respondent** | : | |

## **MEMORANDUM**

On April 10, 2008, Petitioner Michael Rinaldi, an inmate confined at the Schuylkill Federal Correctional Institution ("FCI Schuylkill") in Minersville, Pennsylvania, commenced this action by filing a petition for writ of habeas corpus (Doc. 1) pursuant to the provisions of 28 U.S.C. § 2241.

By order dated May 12, 2008, this court dismissed the petition because Rinaldi failed to demonstrate that 28 U.S.C. § 2255 provides an inadequate or ineffective remedy to challenge the validity of his conviction. (Doc. 5.) The petition was dismissed without prejudice to any right Rinaldi may have to move the appropriate court of appeals for an order authorizing the district court to consider a successive § 2255 motion pursuant to 28 U.S.C. § 2244(b)(3)(A). (*See id.*)

Presently before the court is Rinaldi's timely motion for reconsideration (Doc. 6) of this court's order dismissing his petition. For the reasons set forth below, the motion will be denied.

## I. **Legal Standard**

The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence. *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir.1985). In order to prevail, a party seeking reconsideration must demonstrate one of the following: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available previously; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). A motion for reconsideration should not be used as a means to reargue unsuccessful theories, or argue new facts or issues that were not presented to the court in the context of the matter previously decided. *Drysdale v. Woerth*, 153 F. Supp. 2d 678, 682 (E.D. Pa. 2001). Because federal courts have a strong interest in the finality of judgments, motions for reconsideration should be granted sparingly. *Continental Cas. Co. v. Diversified Indus., Inc.*, 884 F. Supp. 937, 943 (E.D. Pa. 1995).

## II.   Discussion

Rinaldi asserts in his motion that, because the sole claim in his petition is that he is "actually innocent," he can access the "safety valve" provision of 28 U.S.C. § 2255.[1]  In support of his motion, Rinaldi attaches a copy of *Martin v. Perez*, 319 F.3d 799 (6th Cir. 2003).  In that case, the Sixth Circuit Court of Appeals held that, where there is a change in the controlling law after a petitioner files a § 2255 motion, he will be permitted to file a § 2241 petition raising a claim of actual innocence based upon that change in the law.  A petitioner would be permitted to file a § 2241 petition in that situation because he did not previously have an opportunity to raise his actual innocence claim.

While *Martin* is not the controlling law in this jurisdiction, the Third Circuit Court of Appeals also has permitted a petitioner who did not have a previous opportunity to assert his actual innocence in a previous § 2255 motion because of an intervening change in the controlling law to file a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  *See In re Dorsainvil*, 119 F.3d 245 (3d Cir. 1997); *see also United States v. Brooks*, 230 F.3d 643, 648 (recognizing availability of § 2241 in

---

[1] The "safety-valve" provision of § 2255 allows a petitioner to seek habeas relief pursuant to 28 U.S.C. § 2241 where the remedy provided by § 2255 is "inadequate or ineffective to test the legality of his detention."  28 U.S.C. § 2255(e).

3

cases where petitioners have no other means of having claim heard).  However, Rinaldi has not asserted that there was some intervening change in the law after he filed his first § 2255 motion such that he was unable to raise his actual innocence claim in that motion.  Instead, in his petition, he sought an evidentiary hearing to allow witnesses to testify as to his actual innocence.  (*See* Doc. 1 at 11.)

Rinaldi has not demonstrated any of the applicable grounds for reconsideration. Accordingly, the court finds no basis to reconsider its decision to dismiss his petition without prejudice to any right he may have to move the appropriate court of appeals for an order authorizing the district court to consider a successive § 2255 motion pursuant to 28 U.S.C. § 2244(b)(3)(A).

An appropriate order follows.

                                                   s/Sylvia H. Rambo
                                                   SYLVIA H. RAMBO
                                                   United States District Judge

Dated: June 12, 2008.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MICHAEL RINALDI,** | : | |
| | : | |
| Petitioner | : | CIVIL NO. 1:CV-08-0679 |
| | : | |
| v. | : | **(Judge Rambo)** |
| | : | |
| **Warden T. SNIEZEK,** | : | |
| | : | |
| Respondent | : | |

## **ORDER**

**AND NOW**, in accordance with the foregoing Memorandum, **IT IS HEREBY ORDERED THAT** Petitioner's motion for reconsideration (Doc. 6) is **DENIED**.

                                        s/Sylvia H. Rambo
                                        SYLVIA H. RAMBO
                                        United States District Judge

Dated: June 12, 2008.